UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>(1) GARY CEDERQUIST,<br>(2) CALVIN BUTNER,<br>(3) PERRY MENDES,<br>(4) JOEL ROGERS,<br>(5) SCOTT CAMARA, and<br>(6) ERIC MATHISON,<br><br>                      Defendants. | Case No. 24-cr-10024-IT |

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE
EVIDENCE OR ARGUMENT DESIGNED TO ELICIT JURY NULLIFICATION**

      The United States of America hereby moves *in limine* to preclude the defendants from presenting any evidence or argument that may elicit or encourage jury nullification in general, and specifically regarding any potential punishment the defendants may face.

      It is well settled that defendants in a criminal case may not encourage or suggest in any way that the jury should acquit them even though the government has met its burden of proof. *See United States v. Bunchan*, 626 F.3d 29, 34 (1st Cir. 2010) ("Neither the court nor counsel should encourage jurors to exercise their power to nullify."); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993) ("The applicable rule is that, although jurors possess the raw power to set an accused free for any reason or for no reason their duty is to apply the law as given to them by the court."); *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) ("An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to

invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or of the defendant.") (citations omitted).

Although juries may have the power to nullify the law, they do not have the authority to do so. *United States v. Thomas*, 116 F.3d 606, 615 (2d Cir. 1996) (explaining that although "federal courts have long noted the de facto *power* of a jury to render general verdicts 'in the teeth of both law and fact,' … courts have consistently recognized that jurors have no right to nullify.") (emphasis in original) (citations omitted). Accordingly, district courts have an obligation to prevent defendants from pursuing lines of inquiry or argument aimed at inducing the jury to acquit for any reason other than the relevant facts and the law. *See United States v. Young*, 470 U.S. 1, 7-10 (1985) (holding that district courts had duty to prevent counsel from making improper arguments to the jury, including those that are designed to "divert the jury from its duty to decide the case on the evidence "); *Sepulveda*, 15 F.3d at 1190 ("A trial judge, therefore, may block defense attorneys' attempts to serenade a jury with the siren song of nullification."). *See also* Torresen, C.J., 2019 Revision to Pattern Jury Instructions for the District Courts of the First Circuit, No. 1.01 (updated 10/5/12) (available at: https://www.med.uscourts.gov/sites/med/files/crpjilinks.pdf) ("You will hear the evidence, decide what the facts are, and then apply those facts to the law as I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not.").

It is also well settled that where a jury plays no role in sentencing, it should not be made aware of a defendant's potential sentence because such information is irrelevant and could disturb it from its fact-finding responsibilities. *See* Fed. R. Evid. 401; *Shannon v. United States*, 512 U.S. 573, 579 (1994). In *Shannon*, the Supreme Court addressed this issue and made clear that "when a jury has no sentencing function, it should be admonished to reach its verdict

without regard to what sentence might be imposed." *Id*. (citations and footnotes omitted). There, in addressing the lower court's refusal to instruct the jury on the consequences of its verdict, the Court highlighted the critically important division of labor in our legal system between the judge and jury and explained that "[t]he jury's function is to find the facts and decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict." *Id*. at 579. Thus, the Court found, the consequences of a verdict are irrelevant to the jury's task. *Id*. Significantly, the Court also observed that providing juries with sentencing information effectively "invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Id*.

The First Circuit has embraced and enforces this rule. *See, e.g.*, *United States v. DiMarzo*, 80 F.3d 656, 660 (1st Cir. 1996) ("[U]nder our criminal justice system it is the jury's responsibility to determine guilt or innocence on the basis of the facts it has found, whereas the court is responsible, among other things, for sentencing a defendant after a guilty verdict."); *United States v. Tracy*, 36 F.3d 187, 196 (1st Cir. 1994) (affirming district court's rejection of jury instruction that would have included reference to consequences of finding defendant guilty by reason of insanity); *United States v. Maisonneuve*, 654 F. Supp. 114 (1st Cir. 1997) (citing well-settled rule against juries considering penalties when reaching their verdicts and explaining that rule applies even when a statutory mandatory minimum sentence is involved).

Here, as in the cases cited above, the jury will play no part in the defendants' sentencing. Thus, the mere mention of potential sentences faced in this case is irrelevant and would serve only to invite jury nullification. The same would result from implied references to the potential consequences of a guilty verdict, such as arguments that the defendants' "freedom" is in the

jury's hands, that the defendants are "on trial for their lives," that the defendants' families should not be left alone, or that the defendants may face employment consequences as a result of the offenses or a guilty verdict.

Accordingly, the United States requests that the defendants be precluded from mentioning, introducing evidence about, or making arguments regarding any potential penalty they face if convicted or any other potential source of jury nullification.

                                                Respectfully submitted,

                                                LEAH B. FOLEY
                                                United States Attorney

Date:  March 7, 2025            By:     */s/ Adam W. Deitch*
                                                Christine Wichers
                                                Adam W. Deitch
                                                Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ *Adam W. Deitch*
Adam W. Deitch
Assistant United States Attorney

Dated:  March 7, 2025